UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOVER PLACE CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                                 Case No.:  2:22-cv-450-JLB-KCD

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

In this property insurance dispute, Dover moves to compel appraisal of the amount of loss, relying on an appraisal provision in the parties' insurance contract. (Doc. 27.) Empire opposes appraisal. (Doc. 31.) The Court grants Dover's motion.

This suit is just one of dozens of Hurricane Irma cases pending in this Court. These cases generally proceed down the same track. The parties dispute whether post-loss conditions were complied with, fight about going to appraisal, fight about who will be the umpire, fight about confirming the appraisal award, and then fight about coverage. Sometimes they settle; oftentimes not. It's no surprise, then, that many of the same arguments are

made along the way. So much so that Empire mistakenly uses the name of a plaintiff from a similar case in its response here. (Doc. 31 at 7.)

Empire again pulls from the same playbook, arguing: (1) appraisal is a remedy in the form of specific performance that must be pled and proven and granted only via summary judgment or after a finding that Empire breached the appraisal provision; (2) the Court should impose certain guidelines on any appraisal award and not calculate anything beyond replacement costs; (3) Dover waived appraisal by unreasonably delaying its demand for appraisal; (4) Dover's request for appraisal of replacement costs value is premature because no repairs have been completed; (5) appraisal is precluded because Empire denied coverage for Dover's reopened roof claim and its supplemental claim for windows and doors; and (6) a stay is unnecessary. (Doc. 31 at 2.)

Cases rejecting Empire's first argument are legion. *See Concord at the Vineyards Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-cv-380-SPC-KCD, 2022 WL 17261976 (M.D. Fla. Nov. 2, 2022); *Breakwater Commons Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-cv-31-JLB-NPM, 2021 WL 1214888 (M.D. Fla. Mar. 31, 2021); *Marbella at Spanish Wells 1 Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-cv-641-SPC-MRM, 2022 WL 1302328 (M.D. Fla. May 2, 2022); *Positano Place at Naples II v. Empire Indem. Ins. Co.*, No. 2:21-cv-181-SPC-MRM, 2022 WL 714809 (M.D. Fla. Mar. 10, 2022); *Waterford Condo. Ass'n of Collier Cty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-81-

FTM-38NPM, 2019 WL 3852731, *2 (M.D. Fla. Aug. 16, 2019), *reconsideration denied*, No. 2:19-CV-81-FTM-38NPM, 2019 WL 4861196 (M.D. Fla. Oct. 2, 2019).[1] The Court sees no reason to depart from this well-developed case law. Empire's first argument thus fails.

Second, Empire argues that if forced to appraisal, the Court should impose certain minimal guidelines (listed at pages 13 and 14 of its brief) to ensure the parties receive due process protections. Empire also claims that any appraisal award should be itemized and not calculate actual cost value. (Doc. 31 at 12-14.) The Court has denied these requests in the past because no policy language requires such a form. It will again follow the same course here. *See Positano Place*, 2022 WL 714809 at *3; *Creekside Crossing Condo. Ass'n., Inc. v. Empire Indem. Ins. Co.*, No. 2:20-cv-136-JLB-MRM, 2022 WL 962743, at * (M.D. Fla. Jan. 31, 2022) ("[T]o the extent that Defendant asserts that an appraisal award should only be limited to determining actual cash value instead of replacement cost, this Court already found an identical argument ineffective as a basis to deny appraisal."); *Castillo*, 2021 WL 4438370 at *6; *Waterford*, 2019 WL 3852731 at *3; *Coral Reef Metro, LLC v. Scottsdale Ins. Co.*, No. 2:18-cv-460-FtM-38CM, 2019 WL 721286 at *3 (M.D. Fla. Jan. 30, 2019).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

3

Moving on, Empire argues that Dover waived appraisal by delaying its request for appraisal until five years after the loss and two years after it first quantified its claim and disputed Empire's adjustment. This claim also treads old ground. *See Waterford*, 2019 WL 3852731 at *3 ("But the policy does not say that filing a complaint cuts off appraisal rights, and the Court has consistently allowed insured parties to seek appraisal after demanding a jury trial."). Nothing has changed, and the Court again rejects Empire's argument. The parties' appraisal provision contains no specific deadline. And although this case proceeded longer than expected before the motion to compel appraisal was filed (*e.g.*, a case management and scheduling order was entered), Dover indicated that it would seek appraisal in the case management report (Doc. 12) and no discovery occurred. Further, Dover explains that it was responding to Empire's requests to satisfy post-loss conditions, which consumed time. "In Florida, all post-loss conditions must be satisfied before a trial court can exercise its discretion to compel appraisal." *See Gulfside, Inc. v. Lexington Ins. Co.*, No. 2:19-cv-851-SPC-MRM, 2021 WL 3471631, at *2 (M.D. Fla. Aug. 6, 2021). Dover invoked appraisal as soon as it believed it had complied with post-loss conditions. (Doc. 34 at 4-5.) Given this history, the Court sees no action taken by Dover inconsistent with its right to appraisal. At bottom, there was no waiver.

Fourth, Empire argues that its denial of a reopened claim for roof replacements and a supplemental claim for windows and doors precludes the Court from sending the case to appraisal. Although hard to follow Empire's reasoning, it seems to be arguing that these are separate claims. Thus, "denial of both [makes] appraisal improper." (Doc. 31 at 16.)

Empire's argument is premised on the notion that Dover submitted multiple claims. But the record says otherwise. Since shortly after the loss occurred, Empire referred to Dover's loss as one claim with one claim number (5630010869). To date, and despite now alleging that there are multiple claims, Empire has never issued additional claim numbers. (Doc. 34 at 6.) This Court previously rejected the same supplemental claim argument from Empire. *See Castillo*, 2021 WL 4438370, at *3 (noting that Empire "assigned one claim number to all of Plaintiff's damages."). What is more, the appraisal provision says nothing about what "claims" can or can't be appraised; rather, the policy specifically states that the "loss" will be appraised. Empire has admitted to a covered loss (Doc. 34 at 5), and thus Dover is entitled to invoke the appraisal clause.

Fifth, Empire argues that replacement cost value (RCV) is not appraisable. Further, because Dover seeks only RCV benefits and no repairs have been completed, this entire controversy is premature. (Doc. 31 at 16-17.) Again, this argument has been rejected.

> Empire asserts that Waterford cannot compel appraisal because repairs have not been performed, making a replacement-cost claim unripe, and because Waterford has not made an actual-cash-value claim, there is no dispute as to that amount. But these arguments have nothing to do with the appraisal provision, which allows either party to compel appraisal if they 'disagree on the value of the property or the amount of loss.'

*Waterford*, 2019 WL 3852731, at *2. The same policy language is in the appraisal provision here. (Doc. 1-1 at 38.) And there is no dispute that the parties disagree on the value of the loss. Failure to claim actual-cash-value or replacement-cost damages "may be defenses to the amount of damages that [the insured] may obtain, but [they] are not bases for denying appraisal." *CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, No. 2:18-CV-779-FTM-99UAM, 2019 WL 2281678, at *4 (M.D. Fla. May 29, 2019).

Finally, Empire objects to Dover's request for a stay while appraisal proceeds. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The party seeking the stay must show good cause and reasonableness. *See Belloso v. Asplundh Tree Expert Co.*, No. 6:18-cv-460-Orl-40TBS, 2018 WL 4407088, at *2 (M.D. Fla. Sept. 17, 2018). In deciding whether a stay is suitable, courts examine several factors including "(1) whether a stay will simplify the issues and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and the court; and (3) whether the stay will unduly prejudice the non-moving party." *Shire Dev. LLC v. Mylan Pharms.*

*Inc.*, No. 8:12-CV-1190-T-36AEP, 2014 WL 12621213, at *1 (M.D. Fla. July 25, 2014).

The Court finds that a stay is appropriate because, among other things, appraisal might resolve the parties' dispute. *See Positano*, 2022 WL 714809 at *3; *Waterford*, 2019 WL 3852731 at *3 ("[A] stay would preserve judicial resources because appraisal might resolve the parties' dispute."). Enough said.

It is now **ORDERED**:

1. Plaintiff's Motion to Compel Appraisal and Stay (Doc. 27) is **GRANTED**.

2. The parties are **ORDERED** to expeditiously conduct an appraisal as prescribed by the appraisal provisions of the insurance policy, to file joint status reports every 90 days to advise the Court of the status of the appraisal, and to notify the Court upon completion of the appraisal process.

3. The Clerk is **DIRECTED** to place a stay flag on this case pending completion of the appraisal process.

**ORDERED** in Fort Myers, Florida this December 27, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record